UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GENEVA HOLMES-JAMES, | Case No:  MC 10-80035 SBA |
| Plaintiff, | **DISMISSAL ORDER** |
| vs. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff Geneva Holmes-James ("Plaintiff") filed the instant pro se action and request to proceed *in forma pauperis* on February 11, 2010.  On March 17, 2010, the Court issued an order denying Plaintiff's application to proceed *in forma pauperis* without prejudice.  In addition, the Court found that Plaintiff's complaint failed to state a claim for relief.  The Court ordered Plaintiff to either pay the $350 filing fee or submit an amended application to proceed *in forma pauperis* that provides specific details regarding Plaintiff's sources of income and proof of her inability to afford the civil filing fee by March 26, 2010. The Court also ordered Plaintiff to file an amended complaint that sets forth the nature of her claim, the facts in support thereof, and facts demonstrating Defendant's liability for such claim.  The Court warned Plaintiff that the failure to comply with the March 26, 2010 deadline would result in the dismissal of this action for failure to prosecute.  To date, Plaintiff has not paid the filing fee or submitted an amended application to proceed *in forma pauperis*.  Nor has Plaintiff filed an amended complaint.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  The failure to file an amended complaint as directed by a district court constitutes grounds for dismissal under Rule 41(b).  Yourish v. California, 191 F.3d 983, 986 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim.").

"Dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."  Ferdik, 963 F.2d at 1260.  As such, before dismissing an action, the Court must evaluate five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Dismissal is proper "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish, 191 F.3d at 990.

The second factor also militates in favor of dismissal.  "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  Pagtalunan, 291 F.3d at 642; Yourish, 191 F.3d at 990 (recognizing a court's need to control its own docket).  Plaintiff's failure to comply with this Court's March 17, 2010 Order has interfered with the Court's ability to move the litigation forward and has diverted resources away from other cases on the Court's docket.  See Ferdik, 963 F.2d at 1261 (noting that non-compliance with a court order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendant, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id.  Here, Plaintiff has offered no explanation justifying her failure to comply with the Court's March 17, 2010 Order, nor is any apparent from the record.  These facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991.

As for the fourth factor, the Court has already considered less drastic alternatives to dismissal.  The Court warned Plaintiff that the failure to comply with the Court's March 17, 2010 Order would result in the dismissal of this action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  October 27, 2014

SAUNDRA BROWN ARMSTRONG
United States District Judge